1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA BROWN and CINDY
HIETT,

                 Plaintiffs,

      v.

MHN GOVERNMENT SERVICES,
INC., et al.,

               Defendants.

CASE NO. C12-5513 BHS

ORDER GRANTING
PLAINTIFFS' MOTION TO
REMAND AND DECLINING TO
CONSIDER DEFENDANTS'
MOTION TO CONSOLIDATE

      This matter comes before the Court on Plaintiffs Barbara Brown and Cindy Hiett's

("Plaintiffs") motion to remand (Dkt. 16) and Defendants Health Net, Inc., MHN

Government Services, Inc., and MHN Services' ("Defendants") motion to consolidate

(Dkt. 20).  The Court has considered the pleadings filed in support of and in opposition to

the motions and the remainder of the file and hereby grants the motion for remand and

declines to consider the motion to consolidate for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY

On May 3, 2011, Plaintiffs filed a first amended complaint in Pierce County Superior Court for the State of Washington.  Dkt. 1 at 15–23.  Plaintiffs alleged state law wage claims on behalf of themselves and a proposed class.  *Id*.  Defendants removed the case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and Plaintiffs voluntarily dismissed the complaint.  *See Brown v. MHN Gov't Servs., Inc.*, Cause No. 3:11-cv-054BHS (W.D. Wash. 2011).

On June 14, 2011, Plaintiffs filed a new complaint in Pierce County Superior Court for the State of Washington.  Dkt. 1 at 24–34 ("*Brown*").  Plaintiffs allege state law wage claims on behalf of themselves and a proposed class.  *Id*.  Plaintiffs, however, allege that the value of all claims asserted is less than $5,000,000.  *Id*. at 32, ¶ 6.6.

On May 15, 2012, Plaintiffs and twelve other named plaintiffs filed a complaint in this Court alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., and the California Labor Code § 226.8.  *Hiett v. MHN Gov't Servs., Inc.*, Cause No. 3:12-cv-05428-BHS (W.D. Wash. 2012) ("*Hiett*").

 On June 12, 2012, Defendants removed *Brown* to this Court, which is the case currently under consideration.  Dkt. 1.  On July 5, 2012, Plaintiffs filed a motion to remand.  Dkt. 16.  On July 12, 2012, Defendants moved to consolidate this action with *Hiett*.  Dkt. 20.  On July 23, 2012, Defendants responded to the motion to remand.  Dkt. 23.  On July 27, 2012, Plaintiffs replied to the motion to remand.  Dkt. 25.  On July 30, 2012, Plaintiffs responded to the motion to consolidate.  Dkt. 26.  On August 3, 2012, Defendants replied to the motion to consolidate.  Dkt. 27.

**II. DISCUSSION**

"The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action . . . ."  28 U.S.C. § 1332(d)(2).  With regard to the jurisdictional amount in controversy, the Supreme Court has held that:

> If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

In this case, Plaintiffs have no desire to try this case in federal court.  The federal statute that provides this Court with jurisdiction and Supreme Court precedent entitle Plaintiffs to try their case in state court.  The only authorities that Defendants cite to the contrary involve (1) claim splitting by the separation of groups of potential class members (*Tanoh v. Dow Chemical Co.*, 561 F.3d 945 (9th Cir. 2009)) and (2) an out-of-circuit split opinion regarding claim splitting by separating successive time periods (*Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008)).  Neither of these opinions controls the situation where Plaintiffs desire to have their state claims tried in state court with limited damages involving only Washington state workers, and their federal claims tried in federal court involving workers in multiple states.  Therefore, the Court grants Plaintiffs' motion to remand for lack of jurisdiction.  Defendants' motion to consolidate will not be considered based on lack of jurisdiction.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. §

1447(c).  Plaintiffs request that the Court award actual expenses for removal.  Dkt. 16.
The Court finds that expenses are not warranted in this case and declines to award
expenses.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to remand (Dkt. 16) is
**GRANTED.**  The Court declines to consider Defendants' motion to consolidate (Dkt.
20).

Dated this 4th day of September, 2012

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4